IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge N. Reid Neureiter

Civil Action No. 17-cv-02733-NRN

KEVIN D. WASHINGTON,

    Applicant,

v.

C.R. GOETZ, Acting Warden, FCI-Florence,

    Respondent.

---

**ORDER DENYING APPLICATION FOR WRIT OF HABEAS CORPUS**

---

    This matter is before this Court pursuant to the parties' unanimous consent to disposition of this action by a United States Magistrate Judge. (Dkt. #18.)[1]

    Applicant Kevin D. Washington is in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institution in Florence, Colorado. On November 15, 2017, he submitted pro se an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Dkt. #1), challenging the BOP's computation of his sentence. Specifically, he alleges that the BOP has unlawfully denied him 150 days of presentence confinement credit toward his federal sentence for the time he spent in federal custody from October 21, 2014 to March 10, 2015. (*Id.* at 2-3.)

---

[1] "(Dkt. #18)" identifies the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). This manner of identifying a document on the electronic docket is used throughout this order.

1

In response to the Court's Order to Show Cause (Dkt. #16), Respondent filed a "Response to Application for Writ of Habeas Corpus" on July 18, 2018, (Dkt. #19). Mr. Washington was given an opportunity to file a reply, but he did not do so.

The Court must construe the Application and other papers filed by Mr. Washington liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for the pro se litigant. *See Hall*, 935 F.2d at 1110. After reviewing the Application, the Response, and other pertinent portions of the record in this case, the Court will deny the Application for the reasons set forth below.

## I. BACKGROUND

The record establishes the following relevant facts:

- October 15, 2014, Mr. Washington was released from a 4-year term in Colorado State custody and started a 3-year term of state parole supervision. (Dkt. #19-1 at ¶ 7; Dkt. #19-4 at 1);

- October 21, 2014, Mr. Washington was arrested by state authorities in Colorado for violating the conditions of his state parole. His arrest resulted in a federal charge of Attempted Possession with Intent to Distribute 500 grams or More of Cocaine. (Dkt. #19-1 at ¶ 8; Dkt. # 19-5 at 1);

- December 18, 2014, Mr. Washington was transferred to federal custody pursuant to a federal writ of habeas corpus *ad prosequendum*. (Dkt. #19-1 at ¶ 9; Dkt. #19-6 and #19-7).

- March 10, 2015, the State of Colorado revoked Mr. Washington's state parole, which required him to serve a 3-year term of incarceration. The CDOC set October 15, 2014 as the commencement date for the sentence. (Dkt. #19-1 at ¶ 10; Dkt. #19-4);

- September 18, 2015, Mr. Washington's was sentenced in the U.S. District

2

Court for the District of Colorado to a 60-month term of imprisonment to be served consecutive to his 3-year state parole revocation term. (Dkt. #19-1 at ¶ 11; Dkt. #19-5);

- September 24, 2015, Mr. Washington was returned to state custody. (Dkt. #19-1 at ¶ 12; Dkt. #19-6 at 2);

- February 23, 2016, Mr. Washington was released from state custody, on parole, to the exclusive custody of federal authorities. (Dkt. #19-1 at ¶ 13; Dkt. #19-4 at 1; *see also* Dkt. #19-6 at 2.)

According to Respondent, Mr. Washington's federal sentence began on February 23, 2016, and he was not awarded any prior custody credit because the time from October 21, 2014 through February 22, 2016 was already credited against his state parole revocation term. (Dkt. #19-1 at ¶ 16). Respondent asserts that based on the current calculation, Mr. Washington is scheduled for release from BOP custody on July 2, 2019. *Id.* at ¶ 17.

Mr. Washington argues in the Application that he should receive presentence confinement credit of approximately 150 days towards his federal sentence for the time he spent in federal custody between the date of his arrest on October 21, 2014, through the date of the revocation of his state parole on March 10, 2015. Respondent contends that the BOP correctly calculated Mr. Washington's sentence by determining that (1) his federal sentence commenced on February 23, 2016, the date he was transferred to federal custody to start serving his federal sentence; and (2) he is not entitled to receive credit on his federal sentence for the period prior to February 23, 2016, because he received credit on his state sentence for the entire period of time from October 21, 2014 through February 22, 2016.

3

## II. ANALYSIS

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) *See also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief is warranted only if the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Attorney General, through the BOP, is responsible for calculating a federal prisoner's sentence in accordance with 18 U.S.C. § 3585. *See United States v. Wilson*, 503 U.S. 329, 334 (1992). The Attorney General's decision may be reviewed in a habeas corpus action pursuant to 28 U.S.C. § 2241.

"The computation of a federal sentence requires consideration of two separate issues." *Binford v. United States*, 436 F.3d 1252, 1254 (10th Cir. 2006). The first issue involves the date a federal sentence commences. *See id.* "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). The second issue involves credit for presentence custody. *See Binford*, 436 F.3d at 1254. Pursuant to 18 U.S.C. § 3585(b), credit for prior custody is awarded for any time a defendant "spent in official detention *prior* to the date his federal sentence commences if the detention resulted from the same offense of conviction or from another charge for which the defendant was arrested after commission of the offense of conviction *and* if

4

that time has not been credited against another sentence." *Weekes v. Fleming*, 301 F.3d 1175, 1178 (10th Cir. 2002).

### A. Commencement of Federal Sentence

As already discussed, on September 18, 2015, Mr. Washington was sentenced in his federal case to 60-months in custody of the BOP, to be served consecutive to his state sentence. *See* Dkt. #19-10. *See also United States v. Washington,* Case No. 14-cr-00444-PAB (D. Colo. September 18, 2015) (Dkt. #34 at 2). Mr. Washington's state sentence was completed, and he was released on state parole to the custody of the BOP to start his federal sentence on February 23, 2016. Therefore, the Court finds that the BOP has correctly determined that Mr. Washington's federal sentence commenced on February 23, 2016, the date he was released from state custody to begin serving his federal sentence. *See* 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.").

### B. Credit for Prior Custody

The issue in dispute is whether the BOP properly denied Mr. Washington credit toward his federal sentence for the time he spent in custody prior to commencement of his federal 60-month sentence. Mr. Washington argues he is entitled to approximately 150 days of presentence confinement credit for the time he spent in federal custody from the date he was arrested, October 21, 2014, through March 10, 2015, the date his state parole was revoked. Respondent contends that Mr. Washington was serving his

state sentence until he was released on parole on February 23, 2016; that he received credit for time spend in custody from October 21, 2015 through February 22, 2016 on his state sentence, and that he is not entitled to receive credit on his federal sentence for any period of time prior to February 23, 2016.

Section 3585(b) prohibits awarding credit for prior custody if the time has been credited against another sentence. *See* 18 U.S.C. § 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence."). Thus, "Congress made clear [in enacting § 3585(b)] that a defendant could not receive a double credit for his detention time." *Wilson*, 503 U.S. at 337. *See e.g.*, *Falan v. Gallegos*, 38 Fed. Appx. 549, 552 (10th Cir. 2002) (unpublished) ("since that time was presumably credited against [the plaintiff's] state sentence, it cannot qualify under the plain language of 18 U.S.C. § 3585(b)").

Respondent has submitted to the Court the declaration of Forest Kelly, an employee of the BOP who works in sentence computations. (Dkt. #19-1.) Mr. Kelly states that the "time Petitioner spent in the primary custody of state authorities from October 21, 2014 through February 22, 2016, has already been credited against his 3-year state parole revocation term, and is not creditable against his consecutive federal sentence under the provisions of §3585(b)." (Dkt. #19-1.) In addition, Mr. Kelly attached numerous exhibits in support of his declaration, including a CDOC Official Time Computation for Mr. Washington (Dkt. #19-4), which supports Respondent's contention that Mr. Washington received credit for the time period from October 21, 2014 through

6

February 22, 2016 to his state parole revocation term.

Mr. Kelly's declaration and the exhibits are supported by Colorado law regarding credit for presentence confinement. According to Colo. Rev. Stat. §18-1.3-405, "A person who is confined pending a parole revocation hearing is entitled to credit for the entire period of such confinement against any period of reincarceration imposed in the parole revocation proceeding. The period of confinement shall be deducted from the period of reincarceration by the department of corrections."

In addition, the Court notes that any time Mr. Washington was in federal custody pursuant to a federal writ of habeas corpus *ad prosequendum*, the State of Colorado retained primary custody. *See Weekes*, 301 F.3d at 1181 (noting that the use of an *ad prosequendum* writ to gain custody indicates the sovereign gaining custody is merely borrowing the prisoner from the sovereign with primary custody). The State of Colorado, therefore, did not relinquish its primary custody over Mr. Washington until February 23, 2016. (*See* Dkt. #19-4.)

Therefore, the Court concludes that the time Mr. Washington spent in custody between October 21, 2014 (the date of his arrest) and March 10, 2015 (the date his state parole was revoked) was credited toward his state sentence. Pursuant to 18 U.S.C. § 3585(b), Mr. Washington cannot also receive credit for that time against his federal sentence. *See e.g., Esquivel v. Warden, F.C.I, El Reno,* 462 F. App'x 825, 826-27 (10th Cir. Feb. 14, 2012).

Given these circumstances, the BOP has properly determined that Mr. Washington's federal sentence commenced on February 23, 2016, the date he was

released from state custody and began serving his federal sentence, and that he cannot receive credit toward his federal sentence for the time he spent in official detention prior to that date because that time already has been applied to his state sentence. Based on the foregoing, the Court concludes there is no basis to disturb the BOP's computation of Mr. Washington's federal sentence under 18 U.S.C. § 3585.

### III.  CONCLUSION

In summary, the Court finds that Mr. Washington is not entitled to habeas relief and will deny the Application.  Accordingly, it is

**ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) is denied and this case is dismissed with prejudice.

**DATED** February 8, 2019.

**BY THE COURT**:

N. Reid Neureiter
United States Magistrate Judge